IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Romeo Anthony Brown, | ) | Case No. 2:18-cv-01276-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On November 30, 2018, Respondent filed a Motion for Summary Judgment. ECF No. 26. Petitioner filed a Motion to Amend or Correct the Petition and a Motion to Stay on December 11, 2018. ECF Nos. 30, 31. He later filed a Response in Opposition to the Motion for Summary Judgment. ECF No. 38. Respondent filed a Response in Opposition to Petitioner's Motions. ECF No. 37. On February 13, 2019, the Magistrate Judge issued a Report only with respect to Petitioner's Motions to Amend and to Stay recommending that the Motions be denied. ECF No. 40. The Court issued an Order adopting the Magistrate Judge's Report on April 23, 2019. ECF No. 44.

On July 31, 2019, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted, Petitioner's case be dismissed with prejudice, and a certificate of appealability be denied. ECF No. 51. Petitioner filed objections, and Respondent filed a reply. ECF Nos. 53, 54.

## APPLICABLE LAW AND ANALYSIS

### Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

***Habeas Corpus***

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal

habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id*. Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged

constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel

relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

Petitioner raises ten grounds in his Petition. The Magistrate Judge found that only part of Ground Nine is properly before the Court; the remainder of Petitioner's claims are not cognizable on federal habeas review or are procedurally defaulted. Petitioner objects

to the Magistrate Judge's recommendations. The Magistrate Judge provided a thorough recitation of the procedural history and the relevant law, including the summary judgment standard, which the Court incorporates into this Order by reference.

### Non-Cognizable Claims

Several of Petitioner's grounds concern only South Carolina law. In Ground Three, Petitioner contends that the trial court erroneously reversed itself by allowing the prosecution to bring up his prior altercation with the victim, Alexander Harrison. In Ground Six, he asserts that the trial court improperly ruled that he had opened the door to that evidence. As stated by the Magistrate Judge, Petitioner also mentions in his supplemental petition that the trial court erred in allowing Ulysses Daniels to present some of his testimony in camera before he testified before the jury and that the trial court improperly allowed witnesses to testify to hearsay statements Harrison made after he was shot. The Court agrees with the Magistrate Judge's recommendation that these claims concern questions of state law that are not cognizable on federal habeas review and that Petitioner has failed to put forth a showing that these rulings resulted in a denial of a constitutionally fair proceeding. *See Barbe v. McBride,* 521 F.3d 443, 452 (4th Cir. 2008) ("Importantly, in considering federal habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law rules unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally

fair proceeding.'" (citation omitted)).   Accordingly, Respondent's motion is granted with respect to these grounds.

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by a petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent contends many of the grounds raised in the Petition and supplement are procedurally barred.   Petitioner argues he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012), and that he is actually innocent.  The Court agrees most of Petitioner's grounds are procedurally barred.

### *Ground Not Raised on Direct Appeal*

Ground Seven is procedurally barred as a direct claim , absent a showing of cause and prejudice, because it was never raised on direct appeal.  *See Justus v. Murray*, 897 F.2d 709, 711 (4th Cir. 1990).

### *Grounds Not Presented to the Supreme Court of South Carolina in Petitioner's Petition for Writ of Certiorari*

Grounds One, Four, and the portion of Five pertaining to DNA evidence are procedurally barred because they were not presented to the Supreme Court of South Carolina in Petitioner's petition for writ of certiorari.  *See Whitley v. Bair*, 802 F.2d 1487,

1500 (4th Cir. 1986). Because these grounds were not fairly presented to the Supreme Court of South Carolina, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

### *Grounds Not Raised in Any State Court*

The Magistrate Judge recommends finding that Grounds Two, Eight, Ten, and part of Grounds Three, Five, and Nine[1] were never raised in any state court. The Court agrees. Moreover, the Court has reviewed Petitioner's voluminous post-conviction relief ("PCR") application and the PCR court's order. The Court agrees with the Magistrate Judge's observation that, even if Petitioner's PCR application could be liberally construed to include some of the procedurally defaulted grounds, they were not ruled on by the PCR court. Accordingly, these grounds have been defaulted absent a showing of cause and prejudice.

### *Cause and Prejudice*

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or a petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488; *but see Martinez*,

---

[1] The portion of Ground Three involving the use of restraints, the portion of Ground Nine not involving the use of restraints, and the portion of Ground Five involving evidence other than DNA evidence were not raised in state court.

566 U.S. at 9 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, as stated, Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*.

In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance- of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 14. Accordingly, Petitioner may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit.

With respect to the grounds found to be procedurally barred for failure to raise them to the Supreme Court of South Carolina in Petitioner's petition for writ of certiorari or on direct appeal, Petitioner has failed to establish cause. The *Martinez* exception does not extend to direct appeal claims or claims that PCR appellate counsel was ineffective.

10

*See e.g., Chandler v. McFadden*, No. 1:16-cv-2994-HMH, 2017 WL 2452512, at *5 (D.S.C. June 6, 2017) ("*Martinez* does not excuse the default of direct appeal claims . . . ."); *Crowe v. Cartledge*, No. 9:13-cv-2391-DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11-cv-02874-RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). Therefore, Petitioner has failed to establish cause with respect to Grounds One, Four, the portion of Five pertaining to DNA evidence, and Seven; accordingly, these claims are procedurally defaulted.

With respect to Petitioner's grounds alleging that PCR counsel was ineffective for failing to raise certain grounds to the PCR court, either in the PCR application or by 59(e) motion after the PCR court issued its order, the Court agrees with the Magistrate Judge that Petitioner claims lack merit as discussed below.[2]

### *Part of Ground Two*

In part of Ground Two, Petitioner contends that the prosecution engaged in misconduct by telling witnesses what to say at trial. The Magistrate Judge noted that

---

[2] The Court's discussion of the merits of Petitioner's defaulted claims for purposes of determining whether he can establish cause and prejudice to excuse the default will involve two standards of review based on whether there is a prior ruling by a state court. The Magistrate Judge more fully explains the different standards in the Report on pages 17 and 18, which the Court specifically incorporates by reference into this order. The Court further incorporates the Magistrate Judge's discussion of evidence submitted outside the state court record on page 18 of the Report.

Petitioner has not identified what testimony was improperly provided to the witnesses by the prosecution. In his objections, Petitioner declines to clarify his position. Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge that there is no evidence of witness coaching. Accordingly, this claim lacks merit, and Petitioner has failed to establish cause to overcome the procedural default.

*Part of Grounds Two, Nine, and Ten*

In part of Ground Two, Petitioner contends that the prosecution erred in bringing up an inadmissible statement at trial in the form of a prior incident report wherein Harrison informed law enforcement that he had been attacked by a man named "Romeo" because the man believed he had stolen something from a relative. In part of Ground Nine, Petitioner asserts that trial counsel erred in failing to obtain the investigator who wrote the prior report, and in part of Ground Ten, he asserts that the prosecution erred in failing to call the investigator. He seems to assert that the incident report was inadmissible hearsay because the investigator who wrote it was not present to be cross-examined. In his objections, he focuses on the fact that the report violated his rights under the Confrontation Clause because it contained statements by Harrison, who was not available for cross-examinion. As stated in the Report, there is nothing in the record to support Petitioner's allegations that the report or that Harrison's prior statements were admitted at trial. Accordingly, Petitioner's rights under the Confrontation Clause were not violated. Further, neither trial counsel nor the prosecution was obligated to call the investigator

12

who wrote the prior report as a witness.  This claim lacks merit; accordingly, Petitioner cannot establish cause to excuse the procedural default.

### Part of Grounds Five[3] and Nine

With respect to Petitioner's claims that trial counsel was ineffective for failing to investigate or obtain other evidence, besides DNA evidence, the Magistrate Judge conducted a de novo review of the record and concluded that Petitioner's assertion lacked merit.[4]  She found that Petitioner failed to provide any evidence that counsel failed to obtain any evidence or that its absence impacted the verdict.  Petitioner objects, particularly with respect to his assertion that trial counsel was ineffective for failing to obtain evidence of the time of the murder.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.  With respect to Petitioner's assertion that trial counsel failed to obtain other evidence besides the autopsy report, Petitioner has not identified this evidence or demonstrated that trial counsel failed to obtain it.  Regarding the autopsy report, as discussed, infra, in Ground Ten, even if the Court were to assume that trial counsel did in fact fail to obtain the autopsy report which

---

[3] As stated above, Petitioner's claim in Ground Five that trial counsel failed to investigate DNA evidence was raised to and ruled upon by the PCR court but was not raised in his petition for writ of certiorari to the Supreme Court of South Carolina. Accordingly, Petitioner cannot establish cause to excuse the procedural default of this claim.

[4] To the extent that Petitioner is also trying to raise a claim for prosecutorial misconduct, that claim is addressed in Ground Ten.

reported that the time of death was approximately 9:00 p.m., Petitioner has not shown that he was prejudiced by this failure. Accordingly, this claim lacks merit, and Petitioner has failed to establish cause and prejudice to excuse the default.

*Ground Eight and part of Ground Nine*

In Ground Eight and the part of Ground Nine, Petitioner contends that trial counsel was ineffective for failing to object to the Indictment, which he asserts was fatally flawed. The Magistrate Judge, reviewing the record de novo, concluded that Petitioner's claim lacked merit because, under South Carolina law, an indictment is a notice document. The Court agrees. There is no indication in the record that the indictment failed to provide Petitioner with notice of the allegations against him or the elements of the criminal charge. Thus, the Court finds there is no merit to Petitioner's claim that trial counsel was ineffective for failing to object to the Indictment. Accordingly, he has not established cause to excuse the procedural default.

*Ground Ten*

In Ground Ten, Petitioner contends that prosecution improperly withheld Harrison's autopsy report, that the prosecution should have taken DNA evidence from Harrison's hands which would have demonstrated that Petitioner was not guilty, and that the prosecution withheld witness statements in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate Judge, reviewing the claim de novo, noted that Petitioner has submitted a copy of the autopsy report, which was not a part of the state-court record.

She concluded that Petitioner had not shown a basis for considering it under § 2254. She noted that Petitioner has failed to demonstrate that the prosecution did not produce the report or the DNA evidence identified by Plaintiff to trial counsel, or that, even assuming any of this evidence had been suppressed, "there is a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." *See Strickler v. Greene*, 527 U.S. 263, 290 (1999). Accordingly, she concluded that Petitioner's claim lacks merit.

In his objections, Petitioner repeatedly references the time of death given in the autopsy, of around 9:00 p.m. He states that this contradicts the witness statements that place the time of death at around 7:00 p.m. Petitioner contends that this evidence would have been exculpatory if it had been produced to him. As an initial matter, the Court reiterates that Petitioner has not made a showing that the prosecution failed to produce the autopsy report. Further, even if the Court were to assume that Petitioner's trial counsel was ineffective for failing to request the autopsy report or use it at trial, Petitioner cannot demonstrate that he was prejudiced by this failure. Among other evidence presented at trial, the prosecution produced four witnesses who identified Petitioner as the shooter. Accordingly, Petitioner has not established cause and prejudice sufficient to excuse the procedural default.[5]

---

[5] The Court also agrees with the Magistrate Judge's statement that Petitioner has never provided any evidence that DNA evidence would have exonerated or otherwise helped h

*Remainder of Ground Nine that is Procedurally Defaulted[6]*

With respect to Petitioner's claim that trial counsel was ineffective for failing to thoroughly investigate the case or his alibi defense, the Magistrate Judge, reviewing the record de novo, found that the trial and PCR transcripts demonstrated that trial counsel conducted a reasonable investigation. Further, she found that Petitioner failed to identify anything that counsel should have uncovered. Petitioner objects.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. There is no indication that there was other available evidence that trial counsel failed to uncover, and trial counsel presented two witnesses in support of Petitioner's alibi defense. Accordingly, the Court finds that this ground lacks merit; Petitioner has failed to provide cause to excuse the procedural default.

Petitioner also alleges trial counsel was ineffective for failing to object to the admission of Patricia Eikhoff's[7] false statements and report and for failing to object to Daniels's statement because he did not witness the murder. According to Petitioner, Daniels was not at the scene when Harrison was shot. Petitioner contends that Daniels gave Eikhoff Petitioner's name to set up an opportunity to shorten the federal prison time

---

[6] As stated above, a portion of Ground Nine was not procedurally defaulted and will be discussed below.

[7] Eikhoff was the Orangeburg County Sheriff's Office's lead investigator for Harrison's murder.

he was facing. Petitioner asserts that Eikhoff made sure that his name appeared in witness statements and her notes. The Magistrate Judge found that there was no support for this theory; accordingly, this claim lacks merit. Petitioner objects.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. As stated in the Report, there is no support for Petitioner's theory. Moreover, three other witnesses identified Petitioner as the shooter and four witnesses testified that Daniels was present at the scene of the murder. Accordingly, the Court finds that this claim lacks merit, and Petitioner has failed to establish cause to excuse the procedural default.

Petitioner further contends that trial counsel was ineffective for failing to request jury charges on manslaughter and self-defense. The Magistrate Judge, reviewing the record de novo, concluded that there was no evidence in the record to support a jury charge for manslaughter or self-defense. Petitioner objects.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge's analysis. There is no evidence in the record that would have supported a request for a jury charge for manslaughter or self-defense. Moreover, as stated by the Magistrate Judge, either charge may have undermined Petitioner's alibi defense and his statements that he was not present at the time of the shooting. Thus, the Court finds that this claim lacks merit; accordingly, there is no cause to excuse the procedural default.

Petitioner also contends he can overcome the procedural default because he is actually innocent. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Carrier*, 477 U.S. at 496. The Supreme Court has elaborated that:

> [A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."
>
> . . . .
>
> . . . To invoke the miscarriage of justice exception . . . , a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*McQuiggin v. Perkins*, 569 U.S. 383, 392, 397(2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner has failed to make the necessary showing of actual innocence. Petitioner argues that witness statements written after Harrison was shot, the autopsy report, police notes, and the police report of Petitioner's prior fight with Harrison prove that someone else killed Harrison, that Daniels was not at the scene, and that Daniels and Eikhoff fabricated evidence.

As an initial matter, the witness statements relied on by Petitioner were all mentioned at trial and it appears that, while it was not admitted at trial, the prosecution used the police report of the prior fight between Petitioner and Harrison to cross-examine Petitioner.  Thus, these documents are not new evidence.  Moreover, as the Magistrate Judge points out, the remainder of the documents predate the trial and Petitioner has not explained why they why they only recently became available to him.  Accordingly, these documents do not support a claim of actual innocence.

Moreover, the documents do not require a conclusion that no reasonable jury could have properly found Petitioner guilty.  Two of the listed witness statements name him as the killer, the investigative notes name him as a suspect, and the prior police report states that a man named Romeo got into a fight Harrison for stealing from a relative.  With respect to the autopsy report, the Magistrate Judge and this Court have acknowledged that certain statements in the report do not precisely align with the witness statements.  These discrepancies between statements made by witnesses to the crime and a report written by someone who was not present at the scene are insufficient to establish that Petitioner is actually innocent—i.e., that no reasonable juror would have convicted him.  Accordingly, Petitioner has failed to establish cause and prejudice to excuse the procedural default with respect to the above-listed claims.  Therefore, the above-listed grounds are barred from federal habeas review.

### Merits of Remaining Claim

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or

an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").

20

Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

In the remainder of Ground Nine, Petitioner argues trial counsel was ineffective for failing to challenge the trial court's decision that Petitioner would wear hidden leg restraints during the trial. The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[1] *Richter*, 562 U.S. at 101. "A state court must be granted a deference and

---

[1]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation,

latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*. The PCR court found,

> Applicant alleges Counsel was ineffective in failing to object to Applicant's shackles allegedly being visible to the jury. The Court has examined the trial record and notes that the solicitor brought it to Judge Goodstein's attention that some of the jurors may have seen Applicant walk into the courtroom in an unnatural way because he was wearing leg shackles. (Trial Tr. p. 177-78). The solicitor was concerned, not that the shackles were visible, but that Counsel would use this to support his argument that Applicant could not have physically committed the crime. (Trial Tr. p. 177). At the hearing,

_____

a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Applicant testified that there was a clicking sound when he was walking into the courtroom and that the jurors may have noticed his unnatural gait. Counsel explained that Judge Goodstein wanted Applicant shackled but that the shackles were not visible because they were underneath his pants. Counsel was confident that the jurors never saw the restraints.

Applicant relies on Deck v. Missouri, 544 U.S. 622 (2005) in support of his allegation. Deck held that a criminal defendant has a right to remain free of physical restraints that are visible to the jury absent a trial court determination that they are justified by a state interest specific to a particular trial. This Court finds Applicant's testimony not credible on the issue. Applicant's testimony is self-serving and unsupported by any evidence before the Court. Applicant has failed to present any probative evidence that his shackles were ever visible to the jury. Even if Applicant was seen by the jurors with his movement restricted by the shackles, this worked to his advantage to support the argument that Applicant could not have physically fought the victim nor committed the crime. This Court finds Applicant failed to meet his burden.

Applicant has also failed to show how he was prejudiced in any manner. In Humbert v. State, 345 S.C. 332 (2001), the Supreme Court faced the issue of whether the PCR court erred in finding no prejudice where the applicant was wearing a jail uniform and shackles during his trial. The court held that there was not a reasonable probability that the outcome of the trial would have been different had he not been dressed in a jail uniform. Humbert v. State, 345 S.C. at 338. See Byers v. Basinger, 610 F.3d 980, 989 n.6 (7th Cir. 2010) (finding that even if a defendant proceeds to a jury trial while wearing ankle restraints, he must still prove his appearance affected the outcome of his trial); Whitman v. Bartow, 434 F.3d 968, 971-72 (7th Cir. 2006) (finding any error in having the defendant proceed to a jury trial while wearing a prison jumpsuit was harmless because the State presented overwhelming evidence of the defendant's guilt); see also Geter v. State, 305

> S.C. 365, 367, 409 S.E.2d 344, 346 (1991) (concluding reasonable probability of a different result does not exist when there is overwhelming evidence of guilt). Applicant has failed to prove any prejudice. This allegation is denied and dismissed.

App. 1167–68. The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. As an initial matter, the PCR court found that Petitioner's testimony was not credible with respect to whether jurors saw or heard the shackles. This determination is entitled to deference. *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir.2008) (citing 28 U.S.C. § 2254(e)(1)) (for a federal habeas court to overturn a state court's credibility judgment, the state court's error must be stark and clear); *see also Marshall v. Lonberger,* 459 U.S. 422, 434 ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Aside from Petitioner's testimony, which the PCR court found to be not credible, there is no indication that the jury was aware that Petitioner was wearing shackles. *See Rush v. Lempke*, C/A No. 09-cv-03464-JFB, 2011 WL 477807, at *11 (E.D.N.Y. Feb. 2, 2011) (stating that a shackling order will not prejudice the defendant "if the court takes precautions to keep the restraints hidden from the jury"). Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application

of applicable Supreme Court precedent, and, accordingly, Petitioner is not entitled to habeas corpus relief on this ground.[8]

## CONCLUSION

The Court adopts the Magistrate Judge's Report and Recommendation [51]. The Motion for Summary Judgment [26] is **GRANTED** and the petition and supplemental petition [1, 18] are **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

---

[8] In parts of Ground Two and Three, Petitioner also alleges that the prosecution and the trial court committed error by allowing him to be shackled. As explained above, there is no indication that the jury was aware that Petitioner was wearing shackles. With respect to the prosecution specifically, it does not appear from the record that the prosecution requested that Petitioner be shackled during the trial. Accordingly, Respondent is entitled to summary judgment on these grounds.

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

      **IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

September 19, 2019
Spartanburg, South Carolina